The Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

USA,

Plaintiff,

v.

RAHIM KASSAMALI,

Defendant.

No. 2:25-cr-00079-RAJ

THIRD UNOPPOSED MOTION TO CONTINUE SURRENDER DATE AND ~~[PROPOSED]~~ ORDER

**NOTE FOR MOTION CALENDAR: October 29, 2026**

Defendant Rahim Kassamali, by and through counsel, respectfully moves the Court for an order continuing the self-surrender date currently set for **October 30, 2026** to **November 30, 2026**, as described below.

1. On July 17, 2026, the Court sentenced Defendant and ordered that he self-surrender to the Bureau of Prisons to commence service of his sentence.
2. The Bureau of Prisons has designated Defendant to the Satellite Prison Camp at the Federal Correctional Institution in Sheridan, Oregon.
3. Defendant was originally directed to surrender to the BOP at Camp Sheridan on August 31, 2026. But on August 28, 2026, this Court granted Defendant's unopposed motion to extend the BOP surrender date to October 7, 2026, so that Defendant could care for his



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

mother in connection with a critical medical procedure scheduled for the end of September 2026. On Mr. Kassamali's second unopposed motion to extend the surrender date, the Court ordered him to report on October 30, 2026.

4. Defendant learned on October 1, 2026, that a serious complication arose with his mother's cardiac care that required rescheduling her procedure to October 22, 2026. On October 27, Mr. Kassamali learned that no surgery is planned or possible because his mother's condition has deteriorated to the point that her cardiologist's opinion is that she has only weeks to live. Defendant has provided a detailed letter from the cardiologist to the government. The cardiologist's opinion is:

> Given the severity of her illness, her current clinical status, and her goals of care, further invasive cardiac procedures, including ventricular tachycardia ablation and implantable cardioverter-defibrillator (ICD) placement, are no longer planned, as they are unlikely to provide meaningful benefit. Her care will focus on symptom management and comfort, while avoiding burdensome interventions that are unlikely to improve her overall condition.
>
> In my clinical judgment, Mrs. Kassamali has a poor prognosis. Without necessary interventions, she has an estimated life expectancy of weeks, not months, although the precise timeframe is uncertain. Her condition is likely to deteriorate rapidly and unpredictably. There is a significant risk of sudden death due to her abnormal heart rhythm, worsening heart failure, or from the enlarging blood clot. Ongoing support for Mrs. Kassamali, including appropriate end-of-life planning, is highly recommended.
>
> In summary, Mrs. Kassamali has advanced, life-limiting cardiovascular disease with a very limited prognosis. Her heart disease has progressed to an advanced and now terminal stage. Unfortunately, the combination of her cardiac complications and the lack of treatment options places her at significant risk of further deterioration or death in the coming weeks.

5. In addition, Mr. Kassamali's mother has only the defendant and his brother (Amaan Kassamali) for support, and Amaan is scheduled for surgery to deal with his own pressing



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

medical condition on November 19, 2026. Defendant will be the sole person able to support his mother while his brother is incapacitated.

6. For these reasons, Defendant respectfully requests that the Court enter an order continuing Defendant's surrender date from October 30, 2026 to November 30, 2026. Defendant requests this continuance so that he may support his mother and say goodbye to her in the last weeks of her life. Defendant will also need to make arrangements for palliative care for his mother and her other caregiving needs.

7. Mr. Kassamali will not ask for further extensions.

8. The undersigned counsel has consulted with counsel for the government, Grace Zoller. The government does not oppose Defendant's request to continue the surrender date to November 30, 2026. The United States Probation Office takes no position.

9. Accordingly, Defendant respectfully requests that the Court continue his surrender date from October 30, 2026 to November 30, 2026, or to such other date as the Bureau of Prisons deems appropriate after November 30, 2026.

DATED this 29th day of October, 2026.

CORR CRONIN LLP

*s/ Jeffrey B. Coopersmith*
Jeffrey B. Coopersmith, WSBA No. 30954
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Ph: (206) 625-8600 | Fax: (206) 625-0900
Email: jcoopersmith@corrcronin.com

*Attorney for Defendant*

**ORDER**

The Court, having considered Defendant's Unopposed Motion to Continue Surrender Date, hereby ORDERS that Defendant Kassamali's surrender date is continued to **November 30, 2026.** Defendant shall surrender to Federal Prison Camp in Sheridan, Oregon, on November 30, 2026, or at any later date that the Bureau of Prisons may designate. Until the new reporting date, Defendant shall remain subject to all previously imposed conditions of release.

DATED this 29th day of October, 2026.

The Honorable Richard A. Jones
United States District Judge



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900